In the Matter of the Estate of LUCIE R. CASSIDY, Deceased. ROBERT I. CASSIDY, Appellant; NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee, Respondent.

Third Department, January 24, 1945.

*Edouard L. Dunne*, attorney for petitioner-appellant.

*Dugan, Barkhuff & Dugan*, attorneys for respondent.

LAWRENCE, J. Appeal from an order of Surrogate ROGAN, entered in Albany County Surrogate's Court July 25, 1944,

which dismissed a proceeding brought pursuant to section 219 of the Surrogate's Court Act.

This proceeding is to secure the payment and delivery of a trust fund. The trust fund was established by the will of Lucie R. Cassidy and, briefly stated, provides that the income be paid to a son, Edward R. Cassidy, during his life and upon his death, if he leave issue, the principal to vest in such issue.

The petition recites that Edward R. Cassidy died on October 8, 1942, at Port Blanc en Baden, Morbihan, France, leaving a widow and leaving as his sole issue Robert I. Cassidy, who seeks the principal of the trust fund through Edouard L. Dunne, his attorney in fact.

The answer puts in issue the death of Edward R. Cassidy and the claim that Robert I. Cassidy is his sole issue. The present respondent is substituted trustee.

Hearings were had before the Surrogate and the proceeding was dismissed upon the ground that jurisdiction of Edward R. Cassidy, or of his legal representatives if he had died, had not been secured. He did not issue supplemental citation.

The notice of appeal to this court recites that the petitioner will ask the court to exercise its powers under section 309 of the Surrogate's Court Act, and a motion is addressed to the court seeking permission to submit supplemental evidence to prove the death of Edward R. Cassidy, among other things.

It would seem from statements of counsel that a proceeding is now pending before the Surrogate's Court of Albany County for an accounting of the trust fund and counsel for the respondent bank states that in such accounting proceeding jurisdiction has been secured of the legal representatives of Edward R. Cassidy, if dead, and all other necessary parties. Counsel for the respondent bank also states that the bank is satisfied that Edward R. Cassidy has died. The supplemental evidence bearing upon the question of his death would seem to be sufficient to prove such death, if it is to be considered. It should be considered under section 309 of the Surrogate's Court Act. The respondent bank insists, however, that the accounting proceeding, in which it has secured jurisdiction of all necessary parties, is no part of the present proceeding, and cannot be considered here. That proceeding involves the same property as the present proceeding and the court grants permission to submit proof of service of the citation in the accounting proceeding to show jurisdiction over the legal representatives of Edward R. Cassidy and any other necessary parties.

It would seem that there has been unnecessary delay in the accounting proceeding. Many objections have been interposed. Under the circumstances this court will consider the state of the account, if furnished with it, and proof of service of the citation and other papers.

Apparently the bank has cash on hand in such proceeding amounting to $11,033.26. Robert I. Cassidy is now in military service in Europe and is entitled to at least a part of this cash. Its payment should not be held up by technicalities and delays. Numerous delays have been caused. Each party believes the other to be responsible for them. Robert I. Cassidy may be in need of funds for himself or his aged mother. The money certainly does not belong to the bank.

This court will consider the supplementary evidence of death, as above indicated, and all papers in evidence and on file in the accounting proceeding, upon which it will determine what sums should be paid to the petitioner and credited in the accounting proceeding.

All concur.

Order dismissing proceeding reversed on the law and facts, with costs to the appellant payable out of the estate.

This court, acting under section 309 of the Surrogate's Court Act, makes the following decision and decree: Upon the record and new evidence received on this hearing, including all the papers on file in the Surrogate's Court of Albany County in the accounting proceeding in connection with this estate the trustee is directed to make a partial distribution by paying to Robert I. Cassidy or his attorney in fact Edouard L. Dunne the sum of $10,000.

Matter remitted to the Surrogate's Court of Albany County for further proceedings in connection with the accounting.